THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Steven B.
 Crabtree, Appellant.
 
 
 
 
 

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No.   2010-UP-290
Submitted May 3, 2010  Filed May 24, 2010

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of
 Columbia; Solicitor Issac McDuffie Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Steven
 B. Crabtree appeals his conviction for third-degree burglary, arguing the trial
 court erred in: (1) denying his motion to relieve counsel and (2) failing to
 properly advise him regarding his right to self-representation.  We affirm.[1]          
1.  As to whether the trial
 court erred in denying Crabtree's motion to relieve counsel:  The trial court
 conducted a thorough investigation into the basis of Crabtree's complaints
 against his trial counsel.  Although Crabtree certainly expressed disagreement
 with his trial counsel's strategies and prospective defenses to the crime, none
 of his objections prevented him from communicating with his attorney or
 precluded trial counsel from preparing a zealous defense for him.  Accordingly,
 the trial court did not abuse its discretion in denying Crabtree's motion to
 relieve counsel.  See State v. Childers, 373 S.C. 367, 372, 645
 S.E.2d 233, 235 (2007) ("A motion to relieve counsel is addressed to the
 discretion of the trial judge and will not be disturbed absent an abuse of
 discretion."); State v. Sims, 304 S.C. 409, 414, 405 S.E.2d 377,
 380 (1991) (holding an appellate court may consider several factors in
 determining whether the trial court abused its discretion in a motion for
 substitution of counsel: timeliness of the motion, adequacy of the trial
 judge's inquiry into the defendant's complaint, and whether the attorney-client
 conflict was so great that it resulted in a total lack of communication,
 thereby preventing an adequate defense).      
2.  As to whether the trial
 court erred in failing to properly advise Crabtree regarding his right to
 self-representation:  Here, a review of the record indicates Crabtree did not
 request to proceed pro se at any time during his trial.  Therefore, the trial
 court did not err in failing to advise Crabtree regarding his right to
 self-representation because it was not required to inform Crabtree of the
 dangers and disadvantages of self-representation until Crabtree clearly
 requested to proceed pro se.  See State v. Fuller, 337 S.C. 236, 241,
 523 S.E.2d 168, 170 (1999) ("A defendant's right to waive the assistance
 of counsel is not unlimited. The request to proceed pro se must be clearly
 asserted by the defendant prior to trial.").        
AFFIRMED.
FEW, C.J.,
 THOMAS and PIEPER, JJ., concur. 

[1] 
 We decide this case without oral argument
 pursuant to Rule 215, SCACR.